NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (4th) 200525-U

NO. 4-20-0525

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 22, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| BRIAN V. BOWALD, | ) | No. 13CF9 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held:*   The appellate court held that defendant was properly denied court-appointed counsel at the third stage of postconviction proceedings.

¶ 2    In 2013, a jury found defendant, Brian V. Bowald, guilty of four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012); 720 ILCS 5/12-14.1(a)(1) (West 2008)) and five counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2012); 720 ILCS 5/12-16(c)(1)(i) (West 2008)). The trial court sentenced defendant to a total of 66 years in prison. Defendant's conviction and sentence were affirmed on direct appeal. *People v. Bowald*, 2015 IL App (4th) 130587-U, ¶ 1.

¶ 3    In March 2017, defendant filed an amended petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). Defendant alleged several claims. Relevant to this appeal, defendant alleged that his trial counsel

was ineffective for failing to bring to the trial court's attention a potentially biased juror. The trial court advanced defendant's petition for second-stage proceedings. Defendant retained a private attorney, who entered his appearance on defendant's behalf and filed an amended petition. The amended petition adopted the *pro se* petition and added two new claims.

¶ 4 In June 2017, the trial court conducted a hearing on the State's motion to dismiss defendant's amended petition. The court dismissed some of defendant's claims, including his claim regarding the potentially biased juror. It advanced the remaining claims for a third-stage hearing but ultimately denied those claims.

¶ 5 In January 2020, defendant appealed, arguing that he was denied reasonable assistance of postconviction counsel because postconviction counsel did not adequately amend defendant's *pro se* allegation of ineffective assistance of trial counsel for failing to bring to the court's attention the potentially biased juror. This court agreed and remanded the case for third-stage proceedings on this claim. *People v. Bowald*, 2020 IL App (4th) 170618-U, ¶ 1.

¶ 6 In March 2020, at the initial status hearing on remand, defendant's retained postconviction counsel made an oral motion to withdraw. Counsel explained that defendant "no longer wishe[d]" for counsel to represent him. While discussing the issue of defendant's representation going forward, defendant stated that he was considering hiring another attorney. Defendant then asked the court if he could "get a public defender." The court stated that was an option and continued the case to allow defendant time to consider his options.

¶ 7 In June 2020, at the next status hearing, defendant again asked that his retained counsel be allowed to withdraw and that the court appoint the public defender. The court responded that it had not heard any basis for withdrawal and noted there was no motion to withdraw before it. The court stated that, if there was a basis for withdrawal, defendant may be

entitled to the appointment of a public defender if he qualified. The court further stated that, if there was no basis for withdrawal, defendant was free to fire his attorney but would need to hire new counsel. Defendant responded that he might wish to keep his retained counsel if he could not get a public defender. The court allowed a recess for defendant to confer with counsel. After the recess, counsel stated that, at defendant's request, he was not filing a motion to withdraw.

¶ 8 In October 2020, the trial court conducted the third-stage hearing with defendant's retained counsel representing defendant. At the conclusion of the hearing, the court denied defendant's postconviction claim of ineffective assistance of trial counsel.

¶ 9 Defendant appeals, arguing that, after defendant expressed his dissatisfaction with his retained counsel, the trial court abused its discretion by denying defendant's request for appointed counsel without evaluating whether defendant was indigent. We disagree and affirm.

¶ 10 I. BACKGROUND

¶ 11 A. The Underlying Conviction and Direct Appeal

¶ 12 In May 2013, a jury found defendant, Brian V. Bowald, guilty of four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008); 720 ILCS 5/11-1.40(a)(1) (West 2012)) and five counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2008); 720 ILCS 5/11-1.60(c)(1)(i) (West 2012)). The trial court sentenced defendant to a total of 66 years in prison.

¶ 13 B. The Postconviction Petition

¶ 14 In August 2016, defendant *pro se* filed a petition for postconviction relief, asserting five claims. Relevant to this appeal, defendant alleged that his trial counsel provided ineffective assistance by failing to act when defendant and his wife informed trial counsel that one of the jurors was potentially biased. Defendant supported this claim with his own affidavit.

¶ 15 In his affidavit, defendant averred that, at the end of jury selection, juror Kristen Denman Ward sent a "broadcast message" on Facebook that she had been selected as a juror in defendant's case. Defendant's wife received a copy of the message from an acquaintance on her cell phone. The broadcast message contained several responses, such as "hang them all" and "hang him." Defendant and his wife showed the message to defendant's trial attorney. Neither defendant's counsel nor the juror brought the message to the court's attention. Defendant argued that his trial counsel was ineffective for failing to bring the message to the court's attention, which denied defendant the right to a fair trial and impartial jury.

¶ 16 Later that month, the trial court entered a written order advancing defendant's *pro se* petition for second-stage proceedings. In March 2017, retained counsel entered his appearance on defendant's behalf for the postconviction proceedings. Postconviction counsel filed an amended petition which "adopted in its entirety" the previous *pro se* petition. The amended petition did not make any alterations to the original petition or add any materials in support of those claims. The amended petition also added two new claims.

¶ 17 C. The Trial Court's Rulings

¶ 18 In June 2017, the trial court conducted a hearing on the State's motion to dismiss defendant's amended postconviction petition. The court dismissed all but one of defendant's claims, including his claim of ineffective assistance of trial counsel for failure to bring the potentially biased juror to the court's attention. The court advanced only a single claim for a third-stage hearing and ultimately denied that claim.

¶ 19 Defendant appealed, arguing that he received unreasonable assistance of postconviction counsel when counsel failed to adequately amend his ineffective assistance of trial counsel claim to survive second-stage review. This court agreed that counsel could have

- 4 -

(1) amended the petition to clarify certain discrepancies, (2) attached a copy of Ward's message, (3) obtained affidavits of witnesses other than defendant, or (4) explained why such actions could not have been taken. *People v. Bowald*, 2020 IL App (4th) 170618-U, ¶ 63. Accordingly, this court remanded for third-stage proceedings on that claim. *Id.* ¶ 1.

¶ 20                    D. The Trial Court's Status Hearings On Remand

¶ 21            In March 2020, defendant appeared with postconviction counsel for an initial status hearing following remand. Postconviction counsel made an oral motion to withdraw, advising the court that defendant no longer wished postconviction counsel to represent him. The court advised defendant as follows:

>    "[Y]ou're free to hire whatever attorney you want to hire. I'm not saying you
>    can't hire another attorney. I want to be clear on that.
>
>          ***
>
>          I'm not going to have you without an attorney either. They filed the
>    petition. You hired them. They need to finish the job unless you decide you either
>    want to do it yourself or you want to hire another attorney, in which case, you
>    know, your other attorney needs to be here."

¶ 22            Defendant stated to the court that he did not want to represent himself and that he was considering hiring another attorney. Defendant then asked the trial court, "Is there any way I can get a public defender on this, or not?" The court answered that it was possible and asked defendant, "[W]hy do you want me to appoint a public defender when you've already paid money and you hired an attorney to represent you?" Defendant answered, "Because they were ineffective at the first third-stage hearing."

¶ 23            The trial court then continued the case for a second status hearing to allow

- 5 -

defendant time to confer with his retained counsel and consider his options. The court explained to defendant its reasons for taking that action as follows:

> "We're going to set it over for another date, and you can have this conversation with [postconviction counsel]. I want you to have the attorney of your choice. And, you know, whether you hire another attorney or I appoint a public defense attorney, you need to have confidence in that attorney. But that's why I initially denied it, is because I'm not going to leave you without an attorney."

¶ 24    In June 2020, at the second status hearing, defendant again requested that his retained counsel be allowed to withdraw and for a public defender to be appointed. The trial court asked, "Why would I do that, since you've been able to pay for your own attorney? Why would I view this as necessary to put this on the public burden?" Defendant answered, "Your Honor, the reason this had to go back to appeal is, when the appellate court saw what happened, they weren't very happy with how it played out with my paid attorney, with the process that happened."

¶ 25    The trial court remarked that the appellate court did not direct the trial court to discharge defendant's attorney and noted that it had not heard any basis thus far for permitting counsel to withdraw. The court then stated the following,

> "I'm not allowing [counsel] here to withdraw or you to fire him. You're welcome to fire him. But before you do that, I'm not allowing the withdrawal in lieu of a public defender being appointed. That I'm not doing. You're welcome to hire your own attorney to represent you and to take over the representation. And if you want time to accomplish that, I'll give you time to accomplish that. But I'm not going to appoint the public defender to represent you when you're obviously

capable of—and you have paid for an attorney to represent you. Okay."

¶ 26 Defendant then remarked that at the last hearing the court had offered him the option of having a public defender appointed. The court responded that it would review the transcript and explained, "If I said that though, I shouldn't have." The court then confirmed with counsel that he had not yet filed a written motion to withdraw and explained to defendant the following:

"There has to be a written motion to withdraw in front of me, first of all. Second of all, if there is a basis—and that may have been what my comments were. If there is a legitimate basis for me to allow the withdrawal of an attorney, that's different. That's different. In that situation, you have a right to hire your own attorney, you have a right to have me appoint an attorney, and you have the right to represent yourself. But if there's not a basis for me to grant a withdrawal, you just want to fire your attorney, while you can certainly fire your attorney, that doesn't mean that you're then entitled to have me appoint an attorney to represent you free of charge. You can go out and hire your own attorney at that point. You've obviously demonstrated your ability to hire an attorney, and I've not heard anything as to why I should allow the withdrawal. And in fact, I don't even have a motion to withdraw at this point in front of me, I just have a statement from [counsel] that you want to fire him.

So that's where we're at. *** If there is a basis for me to allow a withdrawal, then you would be entitled to the appointment of a public defender. So far I've not heard any such basis. But I also don't have any such motion in front of me. Okay?"

¶ 27 Defendant stated that he understood, and the trial court continued,

"And so if there is some legitimate basis for why I should allow a withdrawal, fine, then I think your assessment is correct. If that's—you would be entitled to the appointment of a public defender. But if there's not—assuming you otherwise qualify. But if there's not a basis for me to allow the withdrawal, and just what the appellate court's done, that's certainly not enough yet, just based on that. I would have to know more. But—okay. Then you would have to hire your own attorney."

¶ 28 The trial court then asked, "So where [are] we at?" Counsel requested time to file his written motion to withdraw, but defendant told the court, "I might like to keep him retained if I can't get a public defender." Counsel asked for time to confer with defendant. After a recess, counsel told the court that, per defendant's request, he would not be withdrawing. Counsel then requested further status to issue subpoenas in preparation for the evidentiary hearing, which the court granted.

¶ 29 In October 2020, the court conducted a third-stage hearing on defendant's claim of ineffective assistance of trial counsel for failure to bring a potentially biased juror to the court's attention. Defendant's retained counsel represented him at the hearing. After hearing evidence and argument, the court denied defendant's claim. (We note that on appeal, defendant raises no issue regarding how his postconviction counsel handled the third-stage evidentiary hearing.)

¶ 30                              II. ANALYSIS

¶ 31 Defendant appeals, arguing that, after defendant expressed his dissatisfaction with his retained counsel, the trial court abused its discretion by denying defendant's request for

appointed counsel without evaluating whether defendant was indigent. In response, the state contends that "[t]his case never reached the point where the trial court needed to rule on a written motion to withdraw because defendant instructed [his retained attorney] not to file one."

¶ 32    Based on the framing of the issues by the parties, we conclude that the trial court did not abuse its discretion by refusing to appoint the public defender to represent defendant.

¶ 33                    A. The Applicable Law

¶ 34    The trial court has the discretion whether to appoint counsel for a defendant at the second-stage of post-conviction proceedings. 725 ILCS 5/122-4 (West 2020). Trial courts may appoint counsel "[i]f the petitioner is without counsel," and the court is satisfied "that the petitioner has no means to procure counsel." *Id.*

¶ 35    To withdraw as counsel, an attorney "may not withdraw his or her appearance for a party without leave of court." Ill. S. Ct. R. 13(c)(2) (eff. July 1, 2017). Additionally, the motion for leave of withdrawal "*shall* be in writing." (Emphasis added.) Ill. S. Ct. R. 13(c)(3) (eff. July 1, 2017). "The motion may be denied by the court if granting the motion would delay the trial of the case, or would otherwise be inequitable." Ill. S. Ct. R. 13(c)(3) (eff. July 1, 2017).

¶ 36    The appellate court will overturn a court's ruling on a motion to withdraw only if there has been an abuse of discretion. *In re J.D.*, 332 Ill. App. 3d 395, 404-05, 772 N.E.2d 927, 935 (2002).

¶ 37                    B. This Case

¶ 38    The trial court properly rejected defendant's request for the public defender to be appointed because defendant's postconviction counsel did not file a written motion for leave to withdraw, which would have presented the trial court with the opportunity to consider the request.

¶ 39 Once the trial court had informed the defendant that the public defender's office would not be appointed, the court took a recess to allow defendant and his attorney time to discuss defendant's options. After the recess, defendant's attorney informed the court that, at defendant's request, he would not be withdrawing.

¶ 40 Because defendant did not instruct his attorney to file a motion to withdraw, the trial court was never given the opportunity to rule on a motion to withdraw. Defendant's counsel did not request leave of court to file a motion to withdraw, but even if he had done so and leave had been granted, defendant's counsel did not file a written motion to withdraw for the court to rule on, as required by Illinois Supreme Court rules.

¶ 41 On this record, the trial court appropriately denied defendant's request for court-appointed counsel.

¶ 42 III. CONCLUSION

¶ 43 For the reasons stated, we affirm the trial court's decision.

¶ 44 Affirmed.